1
2
3

UNITED STATES DISTRICT COURT

4

DISTRICT OF NEVADA

5

| UNITED STATES OF AMERICA, | Case No. 3:25-cr-00008-ART-CSD-1 |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| RC CRUTCHER, | |
| Defendant. | |

6
7
8
9
10
11

Defendant RC Crutcher is charged with one count of Assault of an Intimate Partner by Attempting to Strangle Within Indian Country in violation of 18 U.S.C. §§ 113(a)(8), 1151 and 1152, and one count of Tampering with a Witness in violation of 18 U.S.C. § 1512(b)(2)(A). On October 10, 2025, the Government filed under Federal Rule of Criminal Procedure 16(a)(1)(G)(ii) a Notice of Expert Testimony for David Brown, a Physician Assistant-Certified, who had examined, diagnosed, and treated the alleged victim, B.T. (ECF Nos. 25, 40.)[1] Defendant moved to strike the expert notice on several grounds, including that the content of the Notice of Expert Testimony failed to comply with Federal Rule of Criminal Procedure 16(a)(1)(G). (ECF No. 60.) On November 12, 2025, the Court held a *Daubert* hearing on the admissibility of Mr. Brown's testimony as expert testimony. The Court finds that although Mr. Brown cannot be qualified as an expert due to the insufficiency of the Notice of Expert Testimony (ECF No. 40), he may testify as a fact witness to the course and scope of treatment that he offered to B.T., as well as his diagnoses and opinions formed in the course and scope of treatment.

12
13
14
15
16
17
18
19
20
21
22
23
24

## I.    The Notice of Expert Testimony is Insufficient under Rule 16.

25
26
27
28

[1] The Government's deadline to file its notice of expert was September 19, 2025, 60 days before the then-scheduled trial date. (ECF No. 13 at 3.) It appears that its notice, filed on October 10, 2025, was untimely filed. (ECF No. 40.)

Rule 16(a)(1)(G) requires the government to give defendants "a complete statement of all opinions that the government will elicit from the witness in its case- in-chief," and "the bases and reasons for them." Fed. R. Crim. P. 16(a)(1)(G)(iii). The expert notice may meet these requirements by incorporating by reference "the results or reports of any physical or mental examination and of any scientific test or experiment" previously disclosed to the defense. Fed. R. Crim. P. 16(a)(1)(G)(iv), (a)(1)(F).

The expert disclosure provisions of Rule 16 are generally intended "to minimize surprise that often results from unexpected expert testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination." Fed. R. Crim. P. 16 advisory committee's note to 1993 amendment. To this end, the disclosure must be made "sufficiently before trial to provide a fair opportunity for the defendant to meet the government's evidence." Fed. R. Crim. P. 16(a)(1)(G). This timing requirement "is intended to facilitate trial preparation, allowing the parties a fair opportunity to prepare to cross-examine expert witnesses and secure opposing expert testimony if needed." Fed. R. Crim. P. 16 advisory committee's note to 2022 amendment.

In keeping with the text and purpose of Rule 16, courts have found that expert notices are insufficient where they do not state the substance of the expert's opinions or conclusions regarding the defendant that would be elicited at trial. *See, e.g., United States v. Call*, No. 2:17-PO-00016-JTR-1, 2017 WL 3526666, at *1–2 (E.D. Wash. Aug. 16, 2017); *United States v. Barnes*, No. 213CR423JCMGWF, 2016 WL 1317727, at *2–3 (D. Nev. Apr. 1, 2016). In *Call,* the prosecution disclosed that its proposed experts would provide testimony on topics such as techniques of assessing sobriety and the science of alcohol

consumption and metabolic processing.[2] 2017 WL 3526666, at *1–2. In finding that the notice was insufficient, the district court reasoned that the experts' actual positions remained unknown: "The information provided by the government implies the area of each witness's expertise, and specifies the issues to which the witness will apply that expertise, but it does not indicate what opinion or conclusions will be offered regarding this defendant, in this case." *Id.* at *2. In *Barnes*, a defendant proposed an expert who would "testify regarding his forensic analysis of electronic equipment and data he has reviewed in this matter and about how Facebook and text messaging operate." 2016 WL 1317727, at *2. The court in *Barnes* granted the Government's motion *in limine* to exclude the testimony, on the grounds that the Rule 16 notice was "sorely lacking with respect to... the opinions [the expert] intends to offer... [and] what he is testifying about in the first place," and as such did not enable the court to assess the admissibility of the evidence under Fed. R. Evid. 702(a) and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 590–91 (1993). *Id.* at *3.

Here, the Government's expert notice broadly describes Mr. Brown's expected testimony without identifying his opinions or area of expertise. The notice states that PA-C Brown "will testify regarding his education, certification, training, and professional experience," "basic concepts in the medical field" and "methodologies he employed in his analysis and any other area that is within his area of expertise," his examination, diagnosis and treatment of the victim, on December 3, 2024. (ECF No. 40.) After listing previously disclosed medical

---

[2] In *Call,* the Government submitted four expert notices. 2017 WL 3526666, at *1. In one representative example, a state forensic scientist was "expected to testify as to his expert opinions on: the reliability of external standard simulator solutions, the general effects of alcohol on the human body, which may include but is not limited to, tolerance, divided attention, HGN as an field sobriety test, metabolism, half-life or burn-off rate, Widmark's calculation and retrograde extrapolation; and his preparation and certification of the external standard simulator solution 16006 (the specific simulator solution used in this case)." *Id.* at *1 n.1.

records and photographs of the victim, and a law enforcement report, the Notice states "PA-C Brown is expected to testify consistently with those materials." (ECF No. 40.)

This notice does not comply with the requirements of Rule 16, as it does not contain a "complete statement" of Mr. Brown's opinions to be elicited at trial The description of Mr. Brown's testimony is broad, and the substance of his opinions cannot be discerned from this notice. While the Government is entitled to incorporate the contents of medical reports to show what the proposed expert's opinions are, Fed. R. Crim. P. 16(a)(1)(G)(iv), the medical reports referenced do not sufficiently clarify what opinions Mr. Brown would offer at trial. The notice refers to 43 pages of medical records and other reports, many of these documents are authored by other people, and there is nothing to indicate which statements reflect Mr. Brown's opinion. *Cf. Call,* 2017 WL 3526666, at *2; *Barnes,* 2016 WL 1317727, at *2-3. These gaps make the notice inadequate to prepare the defense to meet Mr. Brown's testimony, or to prepare this Court to determine whether the proposed expert testimony would meet the requirements of Fed. R. Evid. 702 and *Daubert. See also* Fed. R. Evid. 104; *cf. Barnes*, 2016 WL 1317727, at *3.

Mr. Crutcher's motion to strike is therefore granted.

Where expert notices are not sufficient, courts have the discretion to impose a range of remedies. *See, e.g. Barnes*, 2016 WL 1317727, at *3. As a treating healthcare worker, Mr. Brown may still testify as a lay witness, and his testimony may encompass not only diagnoses but also his opinions as to the source of B.T.'s injuries. The exclusion of his testimony as an expert is therefore not too "harsh" a remedy. *See United States v. Finley*, 301 F.3d 1000, 1016–17 (9th Cir. 2002).

## II.    Mr. Brown may testify as a treating healthcare professional.

Because Mr. Brown treated B.T., he may properly testify as a fact witness. At the *Daubert* hearing, the Government clarified that the primary purpose of

offering Mr. Brown's testimony will be to elicit the observations and opinions that he formed in the course and scope of treating B.T. Generally, medical professionals may testify as lay witnesses to their first-hand observations and treatment of patients. *United States v. Woody's Trucking, LLC*, No. CR 17-138-BLG-SPW, 2018 WL 985760, at *2–3 (D. Mont. Feb. 20, 2018) (citing *United States v. Wells*, 211 F.3d 988, 997–98 (6th Cir. 2000)); *cf. Goodman v. Staples The Off. Superstore, LLC*, 644 F.3d 817, 824–26 (9th Cir. 2011) ("[A] treating physician is a percipient witness of the treatment he rendered" who may testify to opinions formed during the course of treatment.)

The scope of Mr. Brown's permissible lay testimony is broad. District courts have found that a treating medical professional's lay testimony properly encompasses their direct observations about the patient's injuries and the course of treatment provided. *United States v. Steele*, No. 2:10–CR–148–BLW, 2011 WL 841386, at *1 (D. Idaho Mar. 4, 2011); *United States v. Varela*, No. CR-21-00955-TUC-JCH (EJM), 2022 WL 1517452, at *14 (D. Ariz. May 13, 2022), report and recommendation adopted, No. R-21-00955-001-TUC-JCH (EJM), 2022 WL 4494777 (D. Ariz. Sept. 28, 2022); *United States v. Davis*, No. CR-17-0841-PHX-DGC, 2018 WL 684738, at *3 (D. Ariz. Feb 2, 2018). A treating medical professional's lay testimony may also encompass their opinions and conclusions, so long as those opinions were formed during the course of treatment. *Varela*, 2022 WL 1517452, at *14; *Steele*, 2011 WL 841386, at *1; *Davis*, 2018 WL 6847388, at *3. These opinions may include "the diagnosis made… the course of treatment provided, the prognosis anticipated, and the consequences of treatment likely to be encountered." *Steele*, 2011 WL 841386, at *1. Consequently, Mr. Brown may testify as a lay witness to his observations, treatment, diagnosis, and opinions on the source of B.T.'s injuries, so long as his opinions were formed for the purpose of treatment and not for the purpose of litigation.

Mr. Brown may not testify to whether B.T. was "assaulted" and "strangled," which are elements of the assault charge (Count 1). The defense has argued that such testimony impermissibly invades the province of the jury. Under the relevant charging statute, the definition of strangling contains a *mens rea* requirement. 9th Cir. Crim. Jury Instr. 8.10 (Revised Apr. 2019) (strangling is accomplished "intentionally, knowingly, or recklessly"). The defendant's mental state and condition "are for the trier of fact alone," such that not even an expert may state an opinion on them. Fed. R. Evid. 704(b). Allowing Mr. Brown to testify that B.T. was a victim of assault or strangulation, even if he means those words in a medical or non-legal sense, creates the danger of him telling the jury how to find on that element of the offense. Such confusion would be highly prejudicial to Mr. Crutcher.

Courts may exclude relevant evidence if its probative value is substantially outweighed by a danger of "unfair prejudice, confusing the issues, [or] misleading the jury." Fed. R. Evid. 403. Due to the risk of confusing the jury and the likelihood of prejudice, Mr. Brown may not use the term "assault" or "strangulation" in connection with B.T., although he may testify to her condition, injuries, and treatment using other terms. As asphyxiation is not an element of the charged offense, Mr. Brown may use that term, so long as his testimony is consistent with the other rules of evidence.

**III. Conclusion**

It is therefore ORDERED that the Defense's Motion to Strike (ECF No. 60) is GRANTED.

DATED THIS 14th day of November 2025.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

6