1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

Plaintiff,

v.

RC CRUTCHER,

Defendant.

Case No. 3:25-cr-00008-ART-CSD-1

ORDER

Defendant RC Crutcher is charged with one count of Assault of an Intimate Partner by Attempting to Strangle Within Indian Country in violation of 18 U.S.C. §§ 113(a)(8), 1151 and 1152, and one count of Tampering with a Witness in violation of 18 U.S.C. § 1512(b)(2)(A). The government seeks to admit medical records from the hospital visit of the alleged victim, B.T., documenting the treatment she received following the incident. (Government's Exh. 6.) At trial, the defense moved to redact certain terms from the medical records on the grounds that they are unduly prejudicial given this Court's order of November 14, 2025. (ECF No. 108.) In relevant part, that order excluded the potential testimony of a treating physician assistant that B.T. was the victim of assault or strangulation, on the basis that it would create a danger that he would be implicitly instructing the jury how to find on that element of the offense. *See* Fed. R. Evid. 403.

The Court orders that certain phrases be redacted from the medical records to avoid prejudice and preserve the jury's role. If a medical services provider cannot testify to assault or strangulation on the stand (ECF No. 108), neither may he offer that information to the jury as the author of records, and neither may his colleagues. Regardless of the form of the evidence or the identity of the medical professional serving as a declarant, there is a risk that evidence that B.T. was deemed a victim of assault and strangulation in the medical context will

1

1    mislead the jury. As noted in the previous order (ECF No. 108), evidence of a

2    medical services provider's opinion on strangulation is particularly problematic

3    because the statutory definition of strangling contains a *mens rea* requirement,

4    and the defendant's mental state and condition "are for the trier of fact alone."

5    9th Cir. Crim. Jury Instr. 8.10 (Revised Apr. 2019); Fed. R. Evid. 704(b).

6    Furthermore, a jury may interpret a medical record showing that B.T. was

7    assaulted and strangled to instruct them to find Mr. Crutcher guilty. The only

8    element of Count One in reasonable dispute is whether Mr. Crutcher assaulted

9    by attempting to strangle B.T. The parties have stipulated to or otherwise agreed

10   on everything else. (ECF Nos. 79, 78.) "A witness… may not give a direct opinion

11   on the defendant's guilt or innocence," even though their opinions on ultimate

12   issues may be admitted. *United States v. Espinosa*, 827 F.2d 604, 612 (9th Cir.

13   1987); *United States v. Fleishman*, 684 F.2d 1329, 1335–36 (9th Cir. 1982); Fed.

14   R. Evid. 704. Under the Fed. R. Evid. 403 balancing test, the existence of a rule

15   preventing witnesses from testifying to their opinion on guilt or innocence weighs

16   in favor of keeping out documentary evidence that essentially states an opinion

17   as to guilt or innocence.

18        References to an "aggressor" will also be redacted under Fed. R. Evid. 403

19   for being more inflammatory than useful to the jury. Where an ordinary medical

20   record refers to an "aggressor," it does not make a particularly credible or weighty

21   statement on who was defending themselves against whom, given that the answer

22   to that question would not seem pertinent to medical diagnosis or treatment.

23

24   **III. Conclusion**

25        It is therefore ORDERED that Government's Exhibit 6 be admitted into

26   evidence with additional redaction.

27        It is further ORDERED that the phrase "assault by strike against" be

28   redacted from the fourth full line of USAO 000072.

1        It is further ORDERED that the phrase "aggressor has been arrested" be

2   redacted from the seventh bullet point of in the right-hand column of text of USAO

3   000073.

4        It is further ORDERED that the phrase "alleged aggressor is now in jail" in

5   the first note of USAO 000074 be redacted.

6        It is further ORDERED that the phrase "given that she was strangled" in

7   the last of USAO 000074 be redacted.

8        DATED THIS 18th day of November 2025.

9

10

11   _____
     ANNE R. TRAUM
12   UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28